# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK HEARRING,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:16-cv-01639-GMN-GWF

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 6) and respondents' motion to dismiss (ECF No. 8). The court finds that the petition is untimely and procedurally defaulted. The court grants respondents' motion.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler,

132 S. Ct. 641, 653-54 (2012).  See also Nev. R. App. P. 4(b), 26(a).  Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court.  Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

On December 30, 2013, pursuant to a plea agreement, the state district court entered a judgment of conviction against petitioner for second-degree murder with the use of a deadly weapon.  Ex. 22 (ECF No. 9-22).  Petitioner did not appeal.  The judgment of conviction became final, and the one-year period of § 2244(d)(1) started to run, at the end of January 29, 2014.

On December 10, 2014, 315 days after the judgment became final, petitioner filed in the state district court a motion to withdraw his guilty plea.  Ex. 26 (ECF No. 10).  The state district court denied the motion on January 16, 2015.  Ex. 30 (ECF No. 10-4).  Petitioner did not appeal.  The time to appeal expired at the end of February 17, 2015, taking into account that the time to appeal otherwise would have expired on a Sunday and Washington's Birthday.  The plea-withdrawal motion tolled the one-year period under 28 U.S.C. § 2244(d)(2) while it was pending.  Tillema v. Long, 253 F.3d 494 (9th Cir. 2001), abrogated on other grounds, Ford v. Pliler, 590 F.3d 782 (9th Cir. 2009).

On March 30, 2015, petitioner filed in the state district court a post-conviction habeas corpus petition.  Ex. 31 (ECF No. 10-5).  On September 14, 2015, the state district court denied the petition because it was untimely under Nev. Rev. Stat. § 34.726(1).  Ex. 35 (ECF No. 10-9).  The notice of entry of that order was filed on September 21, 2015.  Ex. 36 (ECF No. 10-10).  Petitioner appealed. On April 14, 2016, the Nevada Supreme Court affirmed, holding that the petition was untimely under § 34.726(1).  Ex. 49 (ECF No. 10-23).  Remittitur issued on May 9, 2016.  Ex. 50 (ECF No.

10-9). The untimely state habeas corpus petition did not toll the one-year period under 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 417.

On July 5, 2016, 504 days after the expiration of time to appeal the denial of the plea-withdrawal motion, petitioner mailed his federal habeas corpus petition (ECF No. 6) to this court.

The petition (ECF No. 6) is untimely. Between the finality of the judgment of conviction and the filing of the plea-withdrawal motion, 315 days passed. Between the expiration of the time to appeal the denial of the plea-withdrawal motion and the mailing of the federal habeas corpus petition, 504 days passed. A total of 819 non-tolled days have passed, and that exceeds the one-year period of 28 U.S.C. § 2244(d)(1).[1]

Respondents also argue that all grounds in the petition are procedurally defaulted. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The ground for dismissal upon which the Nevada Supreme Court relied in this case is an adequate and independent state rule. Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996).

The three grounds in the petition (ECF No. 6) correspond to the three grounds that petitioner raised in his state habeas corpus petition. See Ex. 31 (ECF No. 10-5). The Nevada Supreme Court

---

[1] The petition (ECF No. 6) would be untimely even if the time spent on the untimely state habeas corpus petition was tolled. Non-tolled time would be 315 days between finality of judgment and the plea-withdrawal motion, 41 days between the end of the plea-withdrawal proceedings and the filing of the state habeas corpus petition, and 57 days between the issuance of the remittitur in the state habeas corpus proceedings and the mailing of the federal habeas corpus petition. The total would be 413 days, which still exceeds the one-year period of 28 U.S.C. § 2244(d)(1).

ruled that those grounds were untimely. Ex. 49 (ECF No. 10-23). Petitioner has not demonstrated cause or prejudice. Therefore, the three grounds in the petition are procedurally defaulted.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 8) is **GRANTED**. This action is **DISMISSED** with prejudice because it is untimely and because all grounds are procedurally defaulted. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: January 5, 2017

_____
Gloria M. Navarro, Chief Judge
United States District Court